**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2987-22

ROCHELL D. COSGRIFF,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and CMG MARLBORO, LLC,

     Respondents.

_____

Submitted October 17, 2024 – Decided December 26, 2024

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Board of Review, Department of Labor, Docket No. 233892.

Forman, Cardonsky & Tsinman, attorneys for appellant (Samuel Tsinman, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Sarah M. Gregory, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Rochell D. Cosgriff appeals from an April 19, 2023 final agency decision by the Board of Review, Department of Labor (the Board) finding plaintiff ineligible for Pandemic Unemployment Assistance (PUA) benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. §§ 9001-9141. We affirm.

I.

Plaintiff worked as a part-time food service worker for CMG Marlboro, LLC, a senior assisted living facility, from September 4, 2019 until April 8, 2020 when she left the job and requested "a leave of absence" "until the danger [of COVID-19] passes." Plaintiff did not consult a medical doctor, nor did she, or anyone in her household, test positive for COVID-19 prior to her request. Plaintiff never returned to her job.

Plaintiff filed for PUA benefits on April 5, 2020. She received a weekly benefit of $231. On October 26, 2020, the Deputy Director of Unemployment and Disability Insurance issued a determination, stating plaintiff was ineligible for benefits from April 5, 2020, to September 4, 2021, because she left her position voluntarily to self-quarantine due to concerns about contracting COVID-19. As a result, she was liable for a refund of $5,544 of received

benefits for the weeks ending May 2, 2020, through October 10, 2020, under N.J.S.A. 43:21-16(d).

After plaintiff appealed the determination, the Appeal Tribunal conducted a hearing and on January 19, 2021 affirmed the Deputy's determination of ineligibility. Thereafter, the Board remanded the case to the Appeal Tribunal for a new hearing and additional testimony "as a complete and audible record of the hearing [wa]s not available for review."

The Appeal Tribunal conducted a new hearing, and affirmed the decision of the Deputy on November 8, 2021, finding plaintiff ineligible for PUA benefits. After appeal, the Board remanded for "additional testimony from [plaintiff] and the employer as to whether or not [plaintiff's] unemployment was due to a qualifying reason under Section [9021(a)(3)(A)(ii)(I)] of . . . [CARES] and whether or not [plaintiff] is liable for a refund of benefits previously paid."

After a third hearing, the Appeal Tribunal found plaintiff ineligible under N.J.S.A. 43:21-5(a), and Section 9021 of CARES, and liable for a $5,544 refund. The Tribunal affirmed the determination of the Deputy and the Director.

On April 19, 2023, the Board modified the decision, nullifying the portion finding plaintiff ineligible under N.J.S.A. 43:21-5(a),[1] but affirming the finding of ineligibility under Section 9021(a)(3)(A)(ii)(I) of CARES. The Board found plaintiff liable for the refund in the sum of $5,544.

II.

On appeal, plaintiff contends the Board erred in concluding she was ineligible for CARES Act benefits.

Our review of quasi-judicial agency determinations is limited. Allstars Auto. Grp., v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). We "review[] agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

"The CARES Act expanded eligibility, under the PUA program, for payment of benefits for certain categories of individuals." Sullivan v. Bd. of Rev., 471 N.J. Super. 147, 153 (App. Div. 2022).

---

[1] The Board found plaintiff did not establish sufficient base weeks and wages to qualify for unemployment compensation benefits under N.J.S.A. 43:21-5(a).

A "covered individual" is defined under the CARES Act, in pertinent part, as an individual who:

> (i) is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 . . . including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 . . . ;
>
> (ii) provides self-certification that the individual—
>
>> (I) is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because—
>>
>>> (aa) the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;
>>>
>>> (bb) a member of the individual's household has been diagnosed with COVID-19;
>>>
>>> (cc) the individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19;
>>>
>>> (dd) a child or other person in the household for which the individual has primary caregiving responsibility is unable to attend

5

school or another facility that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work;

(ee) the individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency;

(ff) the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

(gg) the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency;

(hh) the individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19;

(ii) the individual has to quit his or her job as a direct result of COVID-19;

(jj) the individual's place of employment is closed as a direct

6

> result of the COVID-19 public health emergency; or
>
> (kk) the individual meets any additional criteria established by the Secretary for unemployment assistance under this section . . . .

[15 U.S.C. § 9021(a)(3)(A).]

Plaintiff testified that she was not advised by a medical doctor or any medical professional to self-quarantine. She further stated she did not test positive for COVID-19 nor did anyone else in her household. Therefore, plaintiff did not fall within any of the enumerated statutory categories as her decision to stop working was not one of the COVID-19 related reasons delineated under the CARES Act. The record supports the Board's determination that plaintiff was ineligible for CARES Act benefits for the weeks ending May 2, 2020, through October 10, 2020.

We acknowledge "the hardship many people . . . endured during the 2020 lockdown as a result of the COVID-19 pandemic." Sullivan, 471 N.J. Super. at 152. However, there was sufficient credible evidence that plaintiff's unemployment between May 2, 2020, and October 10, 2020, arose solely from her "decision to stop working due to her family's decision to self-quarantine," a

7

reason that renders her ineligible for CARES Act benefits. Therefore, the Board's decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2987-22